IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH GERHART ANDREW, TDCJ #1423640, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-1017 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § | |
| Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Kenneth Gerhart Andrew, seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction that has resulted in his incarceration by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). William Stephens has filed Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 10), along with a copy of the state court record (Docket Entry No. 7). Andrew has filed Petitioner's Response to Respondent's Motion for Summary Judgment ("Petitioner's Response") (Docket Entry No. 11). After considering all of the pleadings, the state court record, and the applicable law, the court will grant the respondent's motion and dismiss this action for the reasons explained below.

## I.  __Background__

A grand jury in Harris County, Texas, returned an indictment against Andrew in cause number 1058171, charging him with aggravated sexual assault of a child younger than 14.[1]  The indictment was enhanced for purposes of punishment with two additional paragraphs, alleging that Andrew had prior felony convictions for unauthorized use of a motor vehicle and theft.[2]  A jury found Andrew guilty as charged of aggravated sexual assault of a child.[3]  The jury also found that the enhancement allegations were "true" and sentenced Andrew to 35 years' imprisonment in TDCJ.[4]

On direct appeal Andrew argued that the trial court erred in instructing the jury and that the evidence was factually insufficient to support the verdict.  The intermediate court of appeals rejected Andrew's claims and affirmed the conviction after summarizing the facts presented at trial:

> One evening in December 2003, the complainant — who was twelve years old at the time — was at home eating dinner with her sister and brothers.  Her adoptive mother, Ruby Morris, was in the hospital at that time with a heart ailment.  Her adoptive father had died several years earlier.  According to complainant's testimony, the appellant, her mother's second husband,

_____

[1]Indictment, Docket Entry No. 7-7, p. 16.

[2]__Id.__

[3]Judgment of Conviction by Jury, Docket Entry No. 7-7, p. 105.

[4]__Id.__

-2-

came home from work between 6:30 p.m. and 7:00 p.m.  The
appellant walked through the dining area and asked the
complainant to come into his bedroom.  The complainant
then followed appellant into his bedroom.  The complain-
ant testified that appellant placed his keys on a
nightstand, picked up a pillow, and then closed the
bedroom door, placing the pillow against the crack under
the door.  The appellant then turned out the lights and
locked the deadbolt lock on the bedroom door.  According
to the complainant, appellant then walked across the
dimly lit room, and sat down on a rocking chair.  The
complainant heard what she described as a "zipper" sound
just before appellant sat down.  Then, according to the
complainant, appellant asked her to get on her knees and
perform oral sex on him.  At trial, the complainant
described how she walked across the room, knelt before
the appellant, and then took his penis into her mouth.
The complainant testified that, after several minutes,
she got up and went to leave the room.  At that point,
appellant told her not to tell anyone of the encounter.
She then unlocked and opened the bedroom door before
walking upstairs.

The complainant further testified that a few months
later she told her niece of her encounter with the
appellant.[5]   The complainant said that, despite the
encouragement of her niece to tell someone about the
incident, her fear of the appellant kept her from wanting
to tell anyone else.  Nonetheless, the niece went to the
complainant's mother and told her of the incident.
Later, the complainant herself discussed the incident
with her mother.  The complainant's mother then con-
fronted appellant on the matter, and he denied it.
Almost two years later, and after her mother had died,
the complainant told her older sister of the incident.
The older sister called the police to report the
incident, and an investigation ensued.

Andrew v. State, No. 14-07-00241-CR, 2009 WL 36443, at *1 (Tex.

App. — Houston [14th Dist.] Jan. 8, 2009) (unpublished) (footnote

[renumbered] in original).  The Texas Court of Criminal Appeals

---

[5]The complainant's niece, the daughter of complainant's
much-older adoptive sister, is actually older than the complainant.

refused Andrew's petition for discretionary review on November 19, 2014, making his conviction final.[6]

Andrew has now filed a Petition for federal habeas corpus relief under 28 U.S.C. § 2254, raising the same claims that were rejected on direct appeal.[7] Respondent's MSJ argues that Andrew is not entitled to relief under the habeas corpus standard of review.[8]

## II.  <u>Standard of Review</u>

Because the petitioner's claims were adjudicated on the merits in state court, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d).  Under the AEDPA a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]   28 U.S.C. § 2254(d)(1).  "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior

_____

[6]In a state habeas proceeding, Andrew sought and was granted leave to file an out-of-time petition for discretionary review. See <u>Ex parte Andrew</u>, Writ No. 81,361-02, 2014 WL 5370022 (Tex. Crim. App. 2014).  Andrew filed no other petition or application for state habeas relief.

[7]Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition"), Docket Entry No. 1, p. 6.

[8]Docket Entry No. 10.

decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); see also Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000).   To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)).   "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

The AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings, . . . [which] 'demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 130 S. Ct. 1855, 1862 (2010) (citations omitted).   This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunc-ions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Richter, 131 S. Ct. at 786 (quoting Jackson v. Virginia, 99 S. Ct. 2781, 2796 n.5 (1979) (Stevens, J., concurring)); see also White, 134 S. Ct. at 1702.

A state court's factual determinations are entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings. See Garcia v. Quarterman, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing Summers v. Dretke, 431 F.3d 861, 876 (5th Cir. 2005); Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004)). If a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015) (quoting Wood v. Allen, 130 S. Ct. 841, 849 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." Id.

## III.  Discussion

### A.  Sufficiency of the Evidence

Andrew argues that there was factually insufficient evidence to support his conviction because the complainant testified that (1) he did not touch her during the incident; and (2) she learned

about oral sex from a magazine.[9]   The respondent argues that
Andrew's challenge to the factual sufficiency of the evidence must
be denied because it is not cognizable on federal habeas corpus
review.[10]   Alternatively, the respondent argues that Andrew's
challenge to the sufficiency of the evidence must be denied because
it lacks merit for the same reasons articulated by the state court
of appeals.[11]

1.   <u>The Claim is Not Cognizable</u>

The intermediate court of appeals rejected Andrew's challenge
to the factual sufficiency of the evidence, finding that the
complainant's testimony satisfied the elements of the charged
offense:

> A person commits aggravated sexual assault of a
> child if he intentionally and knowingly causes the
> penetration of the mouth of the complainant with his
> sexual organ when the complainant is a child younger than
> fourteen years of age and not the person's spouse.  <u>See</u>
> Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii), (2)(B)
> (Vernon Supp. 2008). . . .
>
>                        . . .
>
> The trial transcript reveals that, during her
> testimony, the complainant described the specific
> circumstances of the incident four times in varying
> levels of detail.  The complainant testified to the
> following: appellant instructed her to perform oral sex
> on him; appellant opened his trousers, making his penis
> available to her; complainant put appellant's penis into

---

[9]Petition, Docket Entry No. 1, p. 6.

[10]Respondent's MSJ, Docket Entry No. 10, pp. 10-11.

[11]<u>Id.</u> at 11-18.

her mouth; and complainant was twelve years old at the
time. The complainant's testimony sufficiently described
acts which could satisfy the elements of the charged
offense. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii),
(a)(2)(B). Appellant argues that the complainant's
descriptions of these acts defy believability. However,
complainant was subjected to vigorous cross-examination
by appellant's trial counsel. As a result, appellant had
the opportunity to expose any credibility issues at
trial, as well as any motives for the complainant's
testimony.

Andrew v. State, No. 14-07-00241-CR, 2009 WL 36443, at **3-4 (Tex.

App. — Houston [14th Dist. Jan. 8, 2009, pet. ref'd). Affording

the requisite deference to the jury's credibility determinations,

the court of appeals found that the evidence was factually

sufficient to support the guilty verdict under the standard of

review found in Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim.

App. 2006). Andrew, 2009 WL 36443, at *4.

As the respondent correctly notes, the Texas
factual-sufficiency standard of review is based on state law. See

Watson, 204 S.W.3d at 413-17 (distinguishing legal sufficiency from

factual-sufficiency review). A federal habeas court does not sit

as a super state supreme court for review of issues decided by

state courts on state law grounds. Smith v. McCotter, 786 F.2d

697, 700 (5th Cir. 1986). A federal habeas corpus court reviewing

a petition under 28 U.S.C. § 2254 asks only whether a constitu-

tional violation infected the petitioner's state trial. See

Estelle v. McGuire, 112 S. Ct. 475, 480 (1991); Pemberton v.

Collins, 991 F.2d 1218, 1223 (5th Cir. 1993). Because a challenge

to the factual sufficiency of the evidence does not implicate a

constitutional issue, federal habeas corpus review is unavailable for this claim.

### 2.   The Claim Lacks Merit

Alternatively, the evidence presented during Andrew's trial was clearly sufficient to support the jury's guilty verdict.   On habeas corpus review of a state court conviction challenges to the sufficiency of the evidence are governed by Jackson v. Virginia, 99 S. Ct. 2781 (1979), which reflects the federal constitutional due process standard.[12]   See Woods v. Cockrell, 307 F.3d 353, 358 (5th Cir. 2002).   This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   Jackson, 99 S. Ct. at 2789 (emphasis in original).

According to the trial transcript, the complainant gave detailed testimony about how Andrew coerced her to perform oral sex on him when she was younger than 14 years of age.[13]   The state court of appeals considered all of the evidence and concluded that the complainant's testimony was sufficient to satisfy every element of

---

[12]"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." United States v. Davis, 735 F.3d 194, 198 (5th Cir. 2013) (quoting In re Winship, 90 S. Ct. 1068, 1073 (1970)).

[13]Court Reporter's Record, vol. 4, Docket Entry No. 7-8, pp. 132-34.

the charged offense and to support Andrew's conviction for aggravated sexual assault of a child under the age of 14. <u>Andrew</u>, 2009 WL 36443, at **3-4. Where a state appellate court has reviewed the sufficiency of the evidence, that court's opinion is entitled to "great weight." <u>Parker v. Procunier</u>, 763 F.2d 665, 666 (5th Cir. 1985) (citation omitted); <u>see also</u> <u>Callins v. Collins</u>, 998 F.2d 269, 276 (5th Cir. 1993) ("Where a state appellate court has conducted a thoughtful review of the evidence . . . its determination is entitled to great deference"). This court's own review of the evidence leads it to conclude that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. <u>See Jackson</u>, 99 S. Ct. at 2789.

Andrew argues that the complainant should not be believed because she "never looked" at his "private area" and could not have known "what she supposedly put in her mouth."[14] To the extent that Andrew asks this court to re-weigh the evidence and decide if the jury's decision was correct, this type of inquiry is "beyond the scope of review" permitted under the <u>Jackson</u> standard. <u>See Schlup v. Delo</u>, 115 S. Ct. 851, 868 (1995) (discussing the standard for challenges to the legal sufficiency of the evidence under <u>Jackson</u>). A federal habeas corpus court may not substitute its view of the evidence for that of the fact-finder. <u>See Weeks v. Scott</u>, 55 F.3d 1059, 1062 (5th Cir. 1995) (citation omitted). Under the <u>Jackson</u>

---

[14]Petitioner's Response, Docket Entry No. 11, pp. 3-4.

standard, "[a]ll credibility choices and conflicting inferences are to be resolved in favor of the verdict." Ramirez v. Dretke, 398 F.3d 691, 695 (5th Cir. 2005) (citation omitted).  Viewing all of the evidence under the deferential standard that applies on federal habeas review, Andrew has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief under Jackson.   Accordingly, his challenge to the sufficiency of the evidence will be denied.

B.   **Erroneous Jury Instructions**

Andrew contends that the trial court erred by instructing the jury to determine guilt or innocence during the initial phase of his bifurcated trial, effectively reducing the State's burden of proof.[15]  The respondent argues that this claim is without merit for the same reasons articulated by the state court of appeals.[16]

The propriety of jury instructions in a state criminal trial presents an issue of state law and, as such, error in the jury charge does not generally provide a basis for federal habeas relief.  See McGuire, 112 S. Ct. at 482.  Federal habeas corpus review of state court jury instructions does not concern "whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was prejudice of constitutional

---

[15]Petition, Docket Entry No. 1, p. 6.

[16]Respondent's MSJ, Docket Entry No. 10, p. 18.

-11-

magnitude." <u>Sullivan v. Blackburn</u>, 804 F.2d 885, 887 (5th Cir. 1986). The relevant inquiry is whether the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." <u>McGuire</u>, 112 S. Ct. at 482 quoting <u>Cupp v. Naughten</u>, 94 S. Ct. 396, 400 (1973); <u>see also</u> <u>Henderson v. Kibbe</u>, 97 S. Ct. 1730, 1736-37 (1977) (same).

The state court of appeals considered Andrew's claim and found no error in the jury instructions:

> Appellant's first and second issues on appeal involve the jury charge. Appellant claims that the trial court erroneously charged the jury when it instructed the jury to "determine whether Appellant was guilty or innocent." Appellant asserts that this instruction shifted the burden of proof at trial from the State to appellant. Specifically, appellant objects to the following paragraph of the jury charge:

>> Your sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause and restrict your deliberations solely to the issue of guilt or innocence of the defendant.

> An appellate court's first duty in evaluating a jury charge issue is to determine whether error exists. <u>Middleton v. State</u>, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); <u>Lee v. State</u>, No. 14-06-00208-CR, 2007 WL 2183111, at *2 (Tex. App. — Houston [14th Dist.] July 31, 2007, pet. ref'd) (mem. op., not designated for publication). Then, if error is found, the appellate court should analyze that error for harm. <u>Middleton</u>, 125 S.W.3d at 453; <u>Lee</u>, 2007 WL 2183111, at *2. We review the alleged error in the charge by looking to the entire charge, the state of the evidence, the arguments of counsel, and any other relevant information contained in the record. <u>Olivas v. State</u>, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); <u>Barnes v. State</u>, 855 S.W.2d 173, 175 (Tex. App. — Houston [14th Dist.] 1993, pet. ref'd).

In the case before us, the jury charge stated no less than six times that, in order to convict the appellant, his guilt must be proven beyond a reasonable doubt.   This point was amplified for the jury when appellant's own counsel stated during closing argument, "And you'll see in the jury charge over and over again that the burden of proof rests with the State and it never shifts to the defendant."   Finally, the charge expressly states that the appellant was not required to prove anything at all.

The statement to which the appellant objects was the next-to-the-last paragraph of a six-page jury charge. The language at issue merely conforms to the statutory requirement of Texas Code of Criminal Procedure art. 37.07, section 2(a) that, in a felony trial, the judge first must submit the guilt or innocence issue to the jury before authorizing any consideration of punishment. See Act of May 29, 2005, 79th Leg., R.S., ch. 660, § 1, 2005 Tex. Gen. Laws 1641, amended by Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 3.14 & 3.15, 2007 Tex. Gen. Laws 1120, 1133 (current version at Tex. Code Crim. Proc. Ann. art. 37.07, § 2(a) (Vernon Supp. 2008)).[]

This court has declined to find error in similar jury instructions before, and we do so again in this case.  See Barnes, 855 S.W.2d at 175 (instruction telling jurors that their "sole duty at this time is to determine the guilt or innocence of the defendant under the indictment" was appropriate, in light of state's bifurcated submission); Avila v. State, 15 S.W.3d 568, 576-77 (Tex. App. — Houston [14th Dist.] 2000, no pet.) (jury charge restricting deliberations "solely to the guilt or innocence of the defendant" did not impermissibly place burden on defendant to prove his innocence).   "As demonstrated by an examination of the entire charge which instructs the jury that the defendant did not have to prove his innocence, the burden of proof for the State was not changed by the challenged language in the charge, and no burden was placed on appellant to prove his innocence."   Avila, 15 S.W.3d at 576-77. Consequently, it was not error for the trial court to submit a charge to the jury instructing them to restrict their deliberations to the guilt or innocence of the defendant.  See id. at 577.  Appellant's first and second issues are overruled.

Andrew v. State, 2009 WL 36443 at *2 (footnote omitted).

The jury instruction that Andrew challenges is consistent with Texas law, which provides that all felony cases tried before a jury are bifurcated, with a separate submission on the issue of guilt or innocence of the defendant on the offense charged followed, if necessary, by a submission on the issue of punishment. <u>See</u> Tex. Code Crim. Proc. art. 37.07, § 2(a). Reading the jury instructions in their entirety, it is clear that the trial judge properly instructed the jury that the State had to prove guilt beyond a reasonable doubt and that the defendant was presumed to be innocent.[17] In addition, defense counsel emphasized during closing argument that "the burden of proof rests with the State and never shifts to the defendant."[18] Based on this record, Andrew fails to demonstrate that the jury was instructed in error or that his trial was so fundamentally flawed that it violated due process.[19] Andrew does not otherwise show that the state court's adjudication of this claim was objectively unreasonable. Accordingly, he is not entitled to relief on this claim.

---

[17]Jury Instructions, Docket Entry No. 7-7, pp. 90-95.

[18]Court Reporter's Record, vol. 6, Docket Entry No. 7-10, p. 55.

[19]Even assuming there was an error, Andrew does not demonstrate that the error had a "substantial and injurious effect or influence" on the jury's verdict. <u>Fry v. Pliler</u>, 127 S. Ct. 2321, 2328 (2007) (quoting <u>Brecht v. Abrahamson</u>, 113 S. Ct. 1710, 1722 (1993)). Under these circumstances, any error is considered harmless. <u>See Garcia</u>, 454 F.3d at 449. For this additional reason, Andrew's claim concerning the propriety of his jury instructions must be denied.

-14-

Because Andrew has failed to establish a valid claim for relief, the Respondent's MSJ will be granted and the Petition will be denied.

## IV. <u>Certificate of Appealability</u>

The federal habeas corpus Petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. <u>See</u> <u>Hallmark v. Johnson</u>, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004)

(quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.   Conclusion and Order

The court **ORDERS** as follows:

1.    Respondent's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

-16-

2.    Kenneth Gerhart Andrew's Petition for a Writ of
      Habeas Corpus By a Person in State Custody (Docket
      Entry No. 1) is **DENIED**.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and

Order to the parties.

**SIGNED** at Houston, Texas, this 17th day of September, 2015.

                                    _____
                                           SIM LAKE
                                 UNITED STATES DISTRICT JUDGE

-17-